UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Peter Bepler,

*Plaintiff*,

*v.*

Daniel Matthew Vorobek, *et al.*

*Defendants*.

Civil No. 1:17-cv-01876-TSC

## DEFENDANT CHRISTOPHER JOHN VOROBEK'S
## ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Christopher John Vorobek, through his undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby responds to the First Amended Complaint filed by Plaintiff Peter Bepler, and says that Plaintiff is not entitled to have judgment as demanded in the First Amended Complaint for the following reasons:

**First Defense**

NATURE OF THE ACTION

1. Admitted.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

4. Admitted that Daniel Matthew Voorhees legally changed his name in 2011 to Daniel Matthew Vorobek.  With respect to the remaining averments in paragraph 4, Defendant Christopher Vorobek is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis those averments are denied.

5. Admitted that Daniel Matthew Vorobek is the legal name of Daniel Matthew Voorhees. With respect to the remaining averments in paragraph 5, Defendant Christopher Vorobek is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis those averments are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

7. Admitted.

8. This averment merely describes the Plaintiff's claims and no response is required. To the extent that it is determined that a response is required, this averment is denied.

## PARTIES

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

12. Admitted.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

14. Admitted.

## JURISDICTION AND VENUE

15. This is a conclusion of law as to which no response is required, but to the extent it is determined that a response is required, this averment is denied.

16. This is a conclusion of law as to which no response is required, but to the extent it is determined that a response is required, this averment is denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

18. Admitted that Defendant Christopher Vorobek lives in the District of Columbia and that Anybill maintains its headquarters in the District of Columbia.  With respect to the remaining averments in paragraph 17, Defendant Christopher Vorobek is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis those averments are denied.

19. This is a conclusion of law as to which no response is required, but to the extent it is determined that a response is required, this averment is denied.

## ANYBILL BOARD OF DIRECTORS

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

## MR. VOORHEES'S FIRST FRAUDULENT TRANSFERS

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

DENTONS HELPS MR. VOORHEES BURY THE INVESTIGATION RESULTS

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

## MR. VOORHEES'S SECOND FRAUDULENT TRANSFERS

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

47. Defendant admits that at various times over the past several years Mr. Daniel Vorobek had the use of an aircraft and various watercraft, and has owned an interest in real estate properties and several motor vehicles.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and on that basis those averments are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

## MR. BEPLER'S INVESTIGATION AND
## MR. VOORHEES'S CONCEALMENT AND RETALIATION

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

MR. VOORHEES THWARTS BOARD OVERSIGHT

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied

MR. VOORHEES'S DUTIES

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments that Daniel Matthew Vorobek is a director and officer of Anybill, and on that basis those averments are denied, but if it is true that Daniel Matthew Vorobek is a director and officer of Anybill, Defendant Christopher Vorobek admits that as a director and officer of Anybill, Mr. Daniel Vorobek would owe fiduciary duties, including a duty of care and a duty of loyalty and, subsumed within the duty of loyalty, a duty to act in good faith and in a manner he believes to be in the best interests of Anybill and its shareholders.

90. As stated above, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments that Daniel Matthew Vorobek is a director and officer of Anybill, and on that basis those averments are denied, but if it is true that Daniel Matthew Vorobek is a director and officer of Anybill, Defendant Christopher Vorobek admits that as a director and officer of Anybill, Mr. Daniel Vorobek owed fiduciary duties, including a duty of care and a duty of loyalty and, subsumed within the duty of loyalty, a duty to act in good faith and in a manner he believes to be in the best interests of Anybill and its shareholders.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

92. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

96. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

RICO

Predicate Criminal Violations Of The Federal Wire Fraud Statute, 18 U.S.C. § 1343

97. Defendant is without knowledge or information sufficient to form a belief as to the truth of the facts alleged in this averment and on that basis those portions of this averment are denied.  With respect to the conclusions of law, no response is required, but to the extent it is determined that a response is required, these averments are denied.

98. Defendant Christopher Vorobek denies that he was involved in any fraudulent transfer, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 98, and on that basis those averments are denied.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

100.      Defendant Christopher Vorobek denies that he was involved in any fraudulent transfer, but he is without knowledge or information sufficient to form a belief as to the

truth of the remaining averments in Paragraph 100, and on that basis those averments are denied.

101.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

102.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

103.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

104.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

105.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

106.     Defendant Christopher Vorobek denies that he was involved in any fraudulent transfer, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 106, and on that basis those averments are denied.

107.     Denied.

108.     Defendant Christopher Vorobek denies that he was involved in any fraudulent transfer, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 108, and on that basis those averments are denied.

The RICO Enterprise And Interstate Commerce

109.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

110.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

111.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

112.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

113.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

Pattern of Racketeering

114.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

115.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

116.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

117.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

118.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

Conspiracy

119.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

120.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

121.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

122.     Denied.

123.     Denied.

Injury

124.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

125.     Denied that Christopher Vorobek participated in any conspiracy or permitted or approved any fraudulent transfer to any account.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 125 and on that basis those averments are denied.

126.     Denied that Christopher Vorobek participated in any conspiracy or permitted or approved any fraudulent transfer to any account.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 126 and on that basis those averments are denied.

DEMAND ON THE ANYBILL BOARD IS EXCUSED AS FUTILE

127.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

128.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

129.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

130.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

131.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

132.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

133.     Denied.

134.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

135.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

136.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and on that basis this averment is denied.

## CAUSES OF ACTION

### COUNTS I-IX

137-203.   These Counts are not asserted against Defendant Christopher Vorobek, so most of the averments contained therein are not asserted against him and no response is required, but to the extent that a response is required, with the exception of the few paragraphs specifically referenced below (142, 187, 191, 196, 200), Defendant is without knowledge

or information sufficient to form a belief as to the truth of those averments and on that

basis those averments are denied.

142.    Denied.

187.    Denied.

191.    Denied.

196.    Denied.

200.    Denied.

COUNT X

Conspiracy to Misappropriate Funds (Derivatively Against Mr. Dorobek)

204.    Defendant Christopher Vorobek incorporates by reference as though restated each

of his responses to the factual allegations in paragraphs 1 through 203, above.

205.    Denied.

206.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of this averment and on that basis this averment is denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of this averment and on that basis this averment is denied.

211.    Denied.

212.    Denied.

## COUNT XI

### Conspiracy to Convert Funds (Derivatively Against Mr. Dorobek)

213.     Defendant Christopher Vorobek incorporates by reference as though restated each

of his responses to the factual allegations in paragraphs 1 through 212, above.

214.     Denied.

215.     Denied.

216.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of this averment and on that basis this averment is denied.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of this averment and on that basis this averment is denied.

221.     Denied.

222.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of this averment and on that basis this averment is denied.

## COUNT XII

### Violation of RICO § 1962(c) (Directly and Derivatively Against Mr. Voorhees)

223-229.   This Count is not asserted against Defendant Christopher Vorobek, so most of the

averments contained therein are not asserted against him and no response is required, but

to the extent that a response is required, Defendant is without knowledge or information

sufficient to form a belief as to the truth of those averments and on that basis those

averments are denied.

COUNT XIII

Violation of RICO §1962(d) (Directly and Derivatively Against Mr. Dorobek and Mr. Voorhees

230.    Defendant Christopher Vorobek incorporates by reference as though restated each

of his responses to the factual allegations in paragraphs 1 through 229, above.

231.    Denied.

232.    Denied.

RELIEF

WHEREFORE, Defendant Christopher Vorobek responds that this action should be dismissed as

to Defendant Christopher Vorobek because no relief is sought against him in the First Amended

Complaint and because Plaintiff is not entitled to any relief against Defendant Christopher

Vorobek, who seeks judgment in his favor, and Defendant Christopher Vorobek seeks:

A.  A declaration that the allegations and factual contentions in the First Amended

Complaint against Defendant Christopher Vorobek were not formed after an inquiry

reasonable under the circumstances, and do not have evidentiary support, and an

Order describing the conduct determined to be a violation of Rule 11 of the Federal

Rules of Civil Procedure;

B.  A sanction imposed for violation of Rule 11 of the Federal Rules of Civil Procedure

sufficient to deter repetition of such conduct or comparable conduct by others,

including an order directing payment to Defendant Christopher Vorobek of all of the

reasonable attorneys' fees and other expenses incurred as a direct result of the

violation;

C.  Defendant Christopher Vorobek's costs and fees associated with the defense of this

action; and

   D.  Such other and further relief as this Court deems just and appropriate.

## Second Defense

Defendant Christopher Vorobek asserts that Plaintiff's claims against him should be dismissed because the First Amended Complaint fails to allege sufficient facts to allege the required elements of the claims asserted against Defendant Christopher Vorobek and fails to state a claim upon which relief can be granted with respect to Defendant Christopher Vorobek.

## Third Defense

Defendant Christopher Vorobek asserts that Plaintiff's claims against him should be dismissed because the applicable statutes of limitations have expired with respect to Plaintiff's claims.

## Fourth Defense

Defendant Christopher Vorobek asserts that Plaintiff's claims against him should be dismissed because Plaintiff knew about the claims he asserts many years ago and despite having a fiduciary duty to the shareholders and Anybill as a director and an officer of the Company, Plaintiff took no action and delayed pursuing any claims for an unreasonably long time, so Plaintiff's claims are barred by laches.

## Fifth Defense

Defendant Christopher Vorobek asserts that Plaintiff's claims against him should be dismissed because Plaintiff admits in his First Amended Complaint that he was paid a salary not because he provided services to Anybill that justified the salary payments he received, but "as financial returns to Anybill's co-founders [that] are made through salary," and that he caused Anybill to pay no dividends to shareholders including Defendant Christopher Vorobek while he improperly took money from Anybill, which breached his obligations to Anybill and to Anybill's shareholders, including Defendant Christopher Vorobek.

**Sixth Defense**

Defendant Christopher Vorobek asserts that all of Plaintiff's derivative claims on behalf of Anybill, including all of Plaintiff's claims against Defendant Christopher Vorobek should be dismissed because Plaintiff, as the President of Anybill, and an officer and a director, violated his duties to Anybill and to shareholders of Anybill, including Defendant Christopher Vorobek.  If the allegations in the First Amended Complaint are true, Plaintiff was responsible for much of the alleged misconduct identified in the First Amended Complaint, including but not limited to, a failure to oversee and protect the assets of Anybill, a failure to hold Board meetings, a failure to file tax returns, a failure to pay dividends, failure to provide financial statements to shareholders, paying salaries to employees beyond the value of the services those employees provided to the company, receiving salary payments for many years far in excess of the services Plaintiff provided the Company "as [a] financial return[] to [Plaintiff as an] Anybill's co-founder[] made through salary," which breached his obligations to Anybill and to Anybill's shareholders, including Defendant Christopher Vorobek, and Plaintiff would therefore be a proper defendant, but is not a proper plaintiff to fairly and adequately represent the interests of the corporation and other shareholders.

**Seventh Defense**

Defendant Christopher Vorobek asserts that all of Plaintiff's derivative claims on behalf of Anybill, including all of Plaintiff's claims against Defendant Christopher Vorobek should be dismissed because Plaintiff's individual claims conflict with the interests of Anybill and the Plaintiff is likely to disregard the interests of other shareholders and appears to be using the derivative action to gain leverage in his employment dispute against Anybill and to try to cause

Anybill to increase the improper salary payments to him, and he is therefore not a proper plaintiff to fairly and adequately represent the interests of the corporation and other shareholders.

**Eighth Defense**

Defendant Christopher Vorobek asserts that all of the Plaintiff's claims, which are based on the allegation that Defendant Christopher entered into a conspiracy to defraud Anybill by misappropriating and converting funds belonging to Anybill, need to be pleaded with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and should be dismissed as improperly pleaded.

**Ninth Defense**

Defendant Christopher Vorobek asserts that Plaintiff's claims against him should be dismissed because Plaintiff knew about the claims he asserts many years ago and despite having a fiduciary duty to the shareholders and Anybill as a director and an officer of the Company, Plaintiff took no action and delayed pursuing any claims for an unreasonably long time, so Plaintiff's claims are barred as having been waived.

**Tenth Defense**

Defendant Christopher Vorobek asserts that Plaintiff failed to make reasonable efforts to serve Defendant Matthew Vorobek with the Complaint or First Amended Complaint in a timely manner and as a result he is not a party to this action, and he is an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and the case should therefore be dismissed.

WILLIAMS & CONNOLLY LLP

/s/ Mark S. Levinstein
Mark S. Levinstein (D.C. Bar No. 369613)
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
mlevinstein@wc.com

September 20, 2017          *Counsel to Defendant Christopher John Vorobek*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of September, 2017, I caused the foregoing

DEFENDANT CHRISTOPHER JOHN VOROBEK'S ANSWER AND DEFENSES TO FIRST

AMENDED COMPLAINT to be served electronically on all counsel of record.


/s/ Mark S. Levinstein
Mark S. Levinstein (D.C. Bar No. 369613)
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
mlevinstein@wc.com

*Counsel to Defendant Christopher John Vorobek*